Fill in this information to identify your case:

United States Bankruptcy Court for the:

Northern District of Texas

Case number (If known): _____

Chapter you are filing under:
☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. Debtor's name | Sustaita Enterprises, LLC | |
| 2. All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| 3. Debtor's federal Employer Identification Number (EIN) | 27-5160250 | |
| 4. Debtor's address | **Principal place of business**<br><br>316 Ezell Dr.<br>Number    Street<br><br>Desoto        TX    75115<br>City          State   ZIP Code<br><br>Dallas County<br>County | **Mailing address, if different from principal place of business**<br><br>Number    Street<br><br>P.O. Box<br><br>City          State   ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City          State   ZIP Code |
| 5. Debtor's website (URL) | | |
| 6. Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor  Sustaita Enterprises, LLC
Name

Case number (if known) _____

7. **Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .
4841

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*
  - ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.   District _____   When ___/___/_____   Case number _____
                                          MM / DD / YYYY
           District _____   When ___/___/_____   Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☑ No
- ☐ Yes.   Debtor _____   Relationship _____
           District _____   When ___/___/_____
                                          MM / DD / YYYY
           Case number, if known _____

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 2

Debtor  Sustaita Enterprises, LLC
        Name

Case number (if known) _____

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
Number     Street

_____
City          State    ZIP Code

Is the property insured?
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 3

Debtor __Sustaita Enterprises, LLC__   Case number (if known)_____
　　　　Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/18/2023__
　　　　　　　MM / DD / YYYY

X _/s/ signature_　　　　　　　　Carlos Sustaita
Signature of authorized representative of debtor　　Printed name

Title __President and Member__

**18. Signature of attorney**

X _/s/ Brandon Tittle_　　　　　　Date __08/18/2023__
Signature of attorney for debtor　　　　　　MM / DD / YYYY

__Brandon Tittle__
Printed name

__Glast, Phillips & Murray, P.C.__
Firm name

__14801 Quorum Dr., Ste. 500__
Number　　Street

__Dallas__　　　　　　　　　__TX__　　__75254__
City　　　　　　　　　　　　State　　ZIP Code

__9724197186__　　　　　　__btittle@gpm-law.com__
Contact phone　　　　　　　Email address

__24090436__　　　　　　　__TX__
Bar number　　　　　　　　State

Official Form 201　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　page 4

**WRITTEN CONSENT & RESOLUTIONS**
of all of the
**MEMBERS**
of
**SUSTAITA ENTERPRISES, LLC**
August 18, 2023

The undersigned, constituting a majority of the member interests (the "Members") of Sustaita Enterprises, LLC (the "Company"), hereby consent in writing ("Consent") to and approve the Resolutions set forth herein and each and every action effected thereby.

This Consent may be executed in counterparts, each of which shall be deemed an original, and all of which, taken together shall constitute one instrument. A copy of this Consent signed and delivered by telecopy, email, facsimile transmission shall be considered an original.

**VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11
OF TITLE 11 OF THE UNITED STATES CODE**

WHEREAS, the Members have considered the Company's assets, liabilities, liquidity, the strategic alternatives available to the Company, offers to sell the Company or its Assets, and the impact of the forgoing on the Company's business; and

WHEREAS, the Members upon the advice of professionals have determined that it is advisable and in the best interests of the Company, its creditors, and other interested parties that the Company file a petition in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") under the provisions of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in such form and at such time as the officers of the Company executing said petition shall determine (the "Bankruptcy Case").

NOW, THEREFORE, BE IT RESOLVED, that the Members are authorized, and empowered, on behalf of and in the name of the Company, to file the Bankruptcy Case;

RESOLVED FURTHER, that the Members are authorized, and empowered, on behalf of and in the name of the Company to employ and retain the law firm of Glast, Phillips & Murray, P.C. ("GPM") as bankruptcy counsel for the Company in the Bankruptcy Case, to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, is authorized and directed to execute an appropriate retention agreement, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of GPM. To the extent that the appropriate retention agreement has been executed and retainers paid, the Members hereby retroactively approves same;

RESOLVED FURTHER, that the Members are authorized, and empowered, on behalf of and in the name of the Company to employ and retain the accounting firm of Lane Gorman Trubitt, LLC ("LGT") as financial advisor or chief restructuring officer for the Company in the Bankruptcy Case, to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, is authorized and directed to execute an appropriate retention agreement, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of LGT. To the extent that the appropriate retention agreement has been executed and retainers paid, the Members hereby retroactively approves same;

RESOLVED FURTHER, that the Members are authorized, and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, financial, accounting and bankruptcy services firms (together with GPM and LGT, collectively the "Professionals") as may be deemed necessary or appropriate by the officer(s) of the Company for the Bankruptcy Case and, in connection therewith, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain services of such Professionals;

RESOLVED FURTHER, that the Members are authorized, and empowered, on behalf of and in the name of the Company, to obtain debtor-in-possession financing to pay for operational expenses of the Company, including all fees incurred by Professionals in the Bankruptcy Case;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by the Member or any Professional to seek relief on behalf of the Company under the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter or proceeding related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER that the Members are authorized, and empowered, with full power of delegations, for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to, discussed in or related to the matter referred to in the foregoing resolutions; and

RESOLVED FURTHER that any and all actions of the Members taken prior to the date hereof to (a) carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder, and (b) take any such action to constitute conclusive evidence of the exercise of such discretionary authority, be and hereby are ratified, approved, and confirmed in all respects.

## GENERAL IMPLEMENTING AUTHORITY

RESOLVED that the Members are authorized, and empowered, with power of full delegation, on behalf of and in the name of the Company (a) to operate the business of and conduct

business for and on behalf of the Company during the course of the Bankruptcy Case and (b) to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on the Company's behalf as provided herein) all necessary documents, including, without limitation, all petitions, applications to employ and retain· all assistance by legal counsel, accountants, or other Professionals and to ·take any and all action that they deem necessary and proper in connection with the Bankruptcy Case; and

RESOLVED FURTHER that the Members are authorized, and empowered, for and in the name and on behalf of the Company to take or cause to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed and delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses, as in his judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

IN WITNESS WHEREOF, the undersigned, being a majority of the membership interests of the Company have executed their consent as of August 18, 2023.

_____
Carlos Sustaita, Member
Sustaita Enterprises, LLC


_____
Jesus Sustaita, Member
Sustaita Enterprises, LLC


_____
Juan Sustaita, Member
Sustaita Enterprises, LLC

_____
Noemi Lopez, Member
Sustaita Enterprises, LLC

**United States Bankruptcy Court**

**IN RE:**  Case No._____

Sustaita Enterprises, LLC
_____  Chapter  **11** _____

# LIST OF EQUITY SECURITY HOLDERS

| Registered name and last known address of security holder | Shares (Or Percentage) | Security Class (or kind of interest) |
|---|---|---|
| Carlos Sustaita<br>12001 Inwood Rd., Apt. 1101, Dallas, TX 75244 | 25 | Other (Member) |
| Jesus Sustaita<br>9001 Markville Dr., Apt. 2010, Dallas, TX 75243 | 25 | Other (Member) |
| Juan Sustaita<br>12001 Inwood Rd., Apt. 1101, Dallas, TX 75244 | 25 | Other (Member) |
| Noemi Lopez<br>2000 Norcross Dr., Mesquite, TX 75149 | 25 | Other (Member) |

## Sustaita Enterprises*
**Annual Balance Sheet**
For the period ending July 9, 2023

|  | As Of: | **July 9, 2023** |
|---|---|---:|
| **Assets** | | |
| Regions Bank - Checking - 5583 | | 146.13 |
| Accounts Receivable | | 629,023.77 |
| Loan to Sustaita Pro | | 146,588.00 |
| Security Deposit | | 7,660.00 |
| Property Plant & Equipment | | 2,289,228.03 |
| Accumulated Depreciation, PP&E | | -726,098.00 |
| Money in transit | | 0.00 |
| Money in transit (outstanding) | | 1,623,258.90 |
| **Total Assets** | | **3,969,806.83** |
| | | |
| **Liabilities** | | |
| Regions Bank - Credit Card - 9281 | | 45,586.12 |
| Payroll Liabilities | | 74,925.00 |
| Payroll Payable - Salary & Wage | | 42,107.57 |
| Vivian Capital - Loan Payable | | 56,925.72 |
| Mortgages, notes, bonds payable in less than 1 year | | 270,813.00 |
| Mortgages, notes, bonds payable in 1 year or more | | 3,099,206.00 |
| **Total Liabilities** | | **3,589,563.41** |
| | | |
| **Equity** | | |
| Additional Paid in Capital | | 107,848.00 |
| Additional Paid in Capital - Carlos Sustaita | | 19,450.00 |
| Shareholder Distribution - Carlos Sustaita | | -121,510.60 |
| Shareholder Distribution - Jesus Sustaita | | -2,100.00 |
| Capital Stock | | 20,385.00 |
| Retained Earnings | | 356,171.02 |
| **Total Equity** | | **380,243.42** |
| | | |
| **Total Liabilities and Equity** | | **3,969,806.83** |

**December 31, 2022**

| | |
|---|---:|
| | 56,155.40 |
| | 629,023.77 |
| | 146,588.00 |
| | 7,660.00 |
| | 2,289,228.03 |
| | -726,098.00 |
| | 0.00 |
| | 694,178.73 |
| | **3,096,735.93** |

| | |
|---|---:|
| | 45,116.01 |
| | 74,925.00 |
| | 42,507.32 |
| | 61,175.72 |
| | 270,813.00 |
| | 3,099,206.00 |
| | **3,593,743.05** |

| | |
|---|---:|
| | 107,848.00 |
| | 19,450.00 |
| | -493,418.56 |
| | -39,775.00 |
| | 20,385.00 |
| | -111,496.56 |
| | **-497,007.12** |

**3,096,735.93**

# Sustaita Enterprises*

**Annual Income Statement**
For the period 2023

|  | Year | 2023 |
|---|---|---|
| **Revenues** | | |
| Sales Revenue | | 767,346.67 |
| Tips Collected | | -728.28 |
| Other Income | | 5,225.00 |
| Awaiting Category - Revenue | | 1,377,903.13 |
| **Total Revenues** | | **2,149,746.52** |
| | | |
| **Operating Expenses** | | |
| Auto Lease Expense | | 2,306.57 |
| Awaiting Category - Expense | | 647,981.22 |
| Bank & ATM Fee Expense | | 2,129.00 |
| Business Meals Expense | | 1,243.45 |
| Facility & Utilities Expense | | 142.89 |
| Gas & Auto Expense | | 10,708.31 |
| Independent Contractor Expense | | 506.40 |
| Insurance Expense - Business | | 6,382.08 |
| Insurance Expense - Health | | 2,017.10 |
| Insurance Expense - Life | | 2,913.44 |
| Interest Expense | | 68,809.78 |
| Loan Expense - Mulligan Funding | | 7,535.75 |
| Office Kitchen Expense | | 16.55 |
| Office Supply Expense | | 64.57 |
| Payroll Expense - Administration | | 374.17 |
| Payroll Expense - Payroll Tax | | 26,801.50 |
| Payroll Expense - Salary & Wage - Gusto | | 335,919.87 |
| Phone & Internet Expense | | 1,877.40 |
| Postage & Shipping Expense | | -4,888.99 |
| Recruiting & HR Expense | | 831.35 |
| Rent or Lease Expense | | 8,393.60 |
| Software & Web Hosting Expense | | 3,819.09 |
| Travel & Transportation Expense | | 23,000.28 |
| **Total Operating Expenses** | | **1,148,885.38** |
| | | |
| **Total Expenses** | | **1,148,885.38** |

| | |
|---|---:|
| **Net Profit** | **1,000,861.14** |